HITRITZ v. BROWN.

(Circuit Court, D. Connecticut. June 1, 1910.)

No. 725.

**1. MASTER AND SERVANT (§ 265\*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—ASSUMED RISK—BURDEN OF PROOF.**

Where by the pleadings defendant made the issues of assumed risk and contributory negligence substantive defenses, the burden was on him to establish them by a preponderance of the evidence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 907, 908; Dec. Dig. § 265.\*]

**2. MASTER AND SERVANT (§ 280\*)—INJURIES TO SERVANT—ASSUMED RISK.**

Plaintiff, while clearing away wet "broke" from an alleyway, slipped and got his hand caught and badly injured in the rollers of a machine. On being asked if he did not know at the time of the accident that if he fell while in the alleyway, so that his hand or arm came in contact with the rollers, he would be likely to get caught and hurt, he answered "that he never thought about it," that he knew if he put his hand between the rollers it would be drawn in, because he had seen paper drawn in between the rolls, but denied that his mind carried him any further in that direction at that time. *Held* insufficient to show that plaintiff appreciated the danger and assumed the risk as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 983; Dec. Dig. § 280.\*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

At Law. Action by Albert Hitritz against Howard C. Brown. On motion in arrest of judgment and for a new trial. Denied.

Hyde, Joslyn, Gilman & Hungerford, for plaintiff.
Seymour C. Loomis and William A. Arnold, for defendant.

PLATT, District Judge. The first ground upon which the motion proceeds is that the complaint should have contained allegations that the plaintiff was ignorant of the danger and did not have equal means with the defendant of knowing about it at the time of the accident. I do not so understand the law. By the pleadings the defendant made the issues of assumption of the risk and contributory negligence substantive defenses, which he was bound to establish by a preponderance of the testimony.

The other question raised by the motion is the only one which is worthy of a moment's serious consideration. With the pleadings and testimony as both existed at the close of the plaintiff's case, was the evidence such as to warrant a submission of the case to the jury upon the issues of defendant's negligence and plaintiff's assumption of the risk? As the case stood, was it an open question whether the plaintiff knew or ought to have known of the danger attending the clearing away of wet "broke" from the alleyway? Was the answer a foregone

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conclusion, or could reasonable minds reach differing results upon the evidence?

When the motion for a direction of verdict for the defendant was made, the plaintiff was, in a certain sense, himself an exhibit before the jury. They saw him on the witness stand for several hours, and had ample opportunity to study him and make up their minds as to the extent of his intelligence and capacity for reasoning. Counsel for defendant knew the turning point of his case, and pursued the plaintiff vigorously about it. He asked him if he did not know at the time of the accident that, if he fell while in the alleyway and his hand or arm came in contact with the rollers, he would be likely to get caught and be hurt. Plaintiff answered that he never thought about it. Counsel asked him if he did not know that, if he put his hand between the rolls, it would be drawn in. He said that he did know that, because he had seen the paper drawn in between the rolls. He denied that his mind carried him any further in that direction at that time.

It is a far cry from knowing that if his hand went between the rollers it would be drawn in, and that the alleyway was slippery, to a knowledge that, while working in there, a combination of circumstances might arise which would produce the situation which resulted in such severe injury to the plaintiff. In other words, he told the jury that at the time of the accident his intelligence had not reached the point where he realized that he might slip on the wet "broke," and that in slipping his hand might get between the rolls, and that he might be so drawn in between them as to be badly hurt.

When I refused to direct a verdict, the testimony had so impressed me that I should have felt bound to find as a fact that he did not know, or realize, or appreciate the danger before he was hurt. Whether he ought to have known, realized, and appreciated it is another question. When the case was over, it is probable that I should have reached the opposite conclusion from the one reached by the jury; but I thought then, as I more strongly think now, that it was an open question, on which honest and intelligent minds might differ. Upon reflection and a fairly exhaustive examination of the testimony, I am not willing to say that I am convinced that my conclusion would have been any better than theirs.

On the whole, this case is an interesting example of the practical workings of our jury system. As long as the system prevails I shall not, of my own free will and accord, arrogate to myself the final decision of such a state of facts as was here presented.

Let the motion be denied, and judgment entered on the verdict.